IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:05 CR 182** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **ABRAR U. HAQUE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | <u>**MEMORANDUM OPINION**</u> |

This matter is before the Court on Defendant, Nuzaira Haque's Motion for Writ of Error Coram Nobis filed on June 13, 2008. (Docket #463.) Defendant asks this Court to vacate her conviction and dismiss Count 77 of the superseding indictment, arguing that the indictment was not authorized by the United States Congress and therefore this Court did not have jurisdiction.

On June 13, 2008, the United States filed its Response to the Motion for Writ of Error Coram Nobis. (Docket #464.) The United States argues that because all facts regarding the dates of the indictment, superseding indictment, and the trial date were known at the time she entered her guilty plea, Defendant has not demonstrated that she is entitled to a writ of error coram nobis.

Coram nobis is an extraordinary writ, and may be used "only to review errors of the most fundamental character." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). A petitioner seeking such relief must demonstrate "(1) an error of fact; (2) unknown at the time of

trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Id.*

Defendant knew all facts regarding the dates of the indictment, superseding indictment, and the trial date at the time she entered her guilty plea. Further, any challenge to this Court's jurisdiction based upon a purported violation of the Speedy Trial Act is without merit. The Sixth Circuit has held that absent circumstances in which a conditional plea is entered, a violation of the Speedy Trial Act is not jurisdictional and any claims regarding the act are waived at the time of a guilty plea. *United States v. Pickett*, 941 F.2d 411, 416-17 (6th Cir. 1991). 18 U.S.C. § 3162(a)(2) provides that the failure of a defendant to raise a Speedy Trial Act claim shall constitute a waiver. Defendant did not enter a conditional plea and did not argue that the Speedy Trial Act was violated until filing the instant Motion.

Finally, even if Defendant's claim were not otherwise barred, her claim is without merit. The portion of the Speedy Trial Act cited by Defendant requires an indictment to be brought within 30 days of arrest. This case began with an indictment. Therefore, the 30-day time period for returning an indictment after an arrest on a complaint or after dismissal of an indictment does not apply. Further, "a superseding indictment issued before the original indictment is dismissed may issue more than 30 days after the arrest." *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1173 (9th Cir. 2002). When a superseding indictment is filed while the indictment is pending, the 30-day rule is not violated even if the superseding indictment is issued more than 30 days after the defendant's arrest.

Based on the foregoing, Defendant's claim is without merit.  Accordingly, Defendant's Motion for Writ of Error Coram Nobis (Docket #463) is hereby DENIED.

IT IS SO ORDERED.

s/Donald C. Nugent<br>DONALD C. NUGENT<br>United States District Judge

DATED:  June 30, 2008